## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **WILFRED OMOLOH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:21-cv-00575-P-BP** |
| | § | |
| **CATHERINE BOOTH FRIENDSHIP** | § | |
| **HOUSE,** | § | |
| | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Special Order 3, this case was referred to the undersigned for pretrial management on April 21, 2021. The Court granted Plaintiff's Application to Proceed in District Court Without Before the Court on April 26, 2021. ECF No. 10. Now before the Court is Plaintiff's Complaint filed on that same date. ECF No. 1. The case concerns a residential eviction arising from a landlord-tenant dispute filed as a petition for forcible detainer in the Justice of the Peace Court, Precinct 8, of Tarrant County, Texas. *See id.* at 1, 4-8.

It appears that the Plaintiff has failed to allege any facts that would permit the Court to exercise subject-matter jurisdiction over the case. By Order also dated April 26, 2021, the Court noted that it appeared that it lacked subject-matter jurisdiction. ECF No. 9. The Court ordered the Plaintiff to file a response on or before May 26, 2021 containing a written statement of his position concerning the Court's Show Cause Order, complete with citations of authorities on which Plaintiff relied and enough facts to establish that this Court has subject-matter jurisdiction over this case. Plaintiff did not  respond to the Court's Order. After considering the pleadings and

applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** this case **without prejudice** for lack of subject-matter jurisdiction.

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to *sua sponte* dismissal if it is "frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And to state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged

affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919. Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Dismissal for lack of subject matter jurisdiction should be without prejudice because it "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

Plaintiff has not "affirmatively and distinctly" alleged facts showing how the Court has jurisdiction over the case. On the face of the complaint, there are no facts to establish whether the Court has federal-question jurisdiction under 28 U.S.C. § 1331. It does not appear that the parties are diverse because the Plaintiff alleges that he and the Defendant reside in Tarrant County. He thus has not alleged facts to establish that the parties are citizens of different states, nor has he alleged the amount in controversy as required under 28 U.S.C. § 1332. Plaintiff has not alleged facts that would support the Court's subject-matter jurisdiction over the case. Because Plaintiff is proceeding *pro se*, the Court granted him an opportunity to address these concerns and explain the basis of the Court's subject-matter jurisdiction. *See* ECF No. 9. The Court cautioned Plaintiff that

failure to comply with its Order might result in a recommendation that his case be dismissed for lack of jurisdiction. *Id.* Plaintiff failed to provide an explanation of the jurisdictional basis of his Complaint as ordered by the Court.

Because the Plaintiff has failed to allege sufficient facts to show that the Court has subject-matter jurisdiction in this case, Judge Pittman should **DISMISS** the case **without prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on June 16, 2021.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE